**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRHAWK INTERNATIONAL, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ONTEL PRODUCTS CORPORATION, a New Jersey Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 18-cv-00073-MMA-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 139] |

Plaintiff Airhawk International, LLC ("Airhawk") brings this action against Defendant Ontel Products Corporation ("Ontel") asserting claims of: (1) Trademark Infringement, in violation of the Lanham Act, 15 U.S.C. § 1114(1); (2) Common Law Trademark Infringement; (3) False Designation of Origin and False Description, in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (4) Unfair Competition, in violation of California Business and Professions Code §§ 17000 *et seq*. and 17500 *et seq*. *See* Compl., Doc. No. 1. On January 2, 2020, the Court granted partial summary judgment for Ontel on the issue of Airhawk's request for disgorgement of profits, finding that Airhawk "fail[ed] to provide evidence to raise a triable issue of fact as to whether

Ontel willfully infringed its mark." *See* Doc. No. 130 at 41.[1]  Airhawk now moves for reconsideration, arguing that (1) good cause exists to grant reconsideration of partial summary judgment on the issue of disgorgement of profits, *see* Doc. 139-1 at 8-10, and (2) an intervening change in the law after the United States Supreme Court decided *Romag Fasteners, Inc. v. Fossil Group, Inc.*, (2020) 590 U.S._, Case No. 18-1233 ("*Romag*") requires reconsideration.  *See* Doc. No. 143.  Ontel filed an opposition to the motion, to which Defendant replied.  *See* Doc. Nos. 140, 141.  Ontel also filed a response to Airhawk's supplemental brief in support of its motion for reconsideration.  *See* Doc. No. 144.  The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 141.  For the reasons set forth below, the Court **DENIES** Airhawk's motion for reconsideration.

## BACKGROUND

Airhawk is the owner of United States Patent and Trademark Office ("PTO") Registration No. 4,009,225 (hereinafter "the Airhawk word mark") for the standard character mark bearing the word "AIRHAWK."  *See* Compl., Ex. A.  The Airhawk word mark was first used in 1997 and has been used continuously for goods or services related to truck and motorcycle seat cushions and/or related products.  *See id.*  Airhawk is also the owner of PTO Registration Nos. 4,009,228 and 4,977,720 for the configuration of a hawk design and a hawk design located between the words "AIR" and "HAWK," respectively.  *See id.*, Ex. B.[2]

Ontel develops, markets, and distributes a wide variety of consumer products, which it sells through a direct-to-consumer market, commonly referred to in the industry as "As Seen on TV."  In 2016, Ontel developed a portable, battery-operated, handheld, automatic air compressor to inflate tires.  The air compressor product

---

[1] The Court's citations to electronically filed documents refer to the pagination assigned by the document's author, rather than the pagination assigned by the CM/ECF system.

[2] Airhawk's word and design marks are collectively referred to as Airhawk's "marks."

launched in January 2017.  Ontel selected the name "Air Hawk" for its air compressor.  On December 12, 2016, Ontel filed a trademark application with the PTO for its "AIR HAWK" logo in connection with air compressors.  The PTO approved Ontel's application, finding no conflicting marks that would bar registration.  Ontel maintains that it had no knowledge of Airhawk's marks at the time it selected the AIR HAWK name for its product.  Airhawk opposed registration of Ontel's application on December 18, 2017 before the Trademark Trial and Appeal Board.  The opposition is suspended pending the outcome of this action.

Airhawk claims that Ontel's use of the name "Air Hawk" has created confusion among consumers, causing damage to Airhawk's business, reputation, and goodwill.  Airhawk asserts that Ontel's marketing campaign related to the introduction of Ontel's air compressor product in early 2017 caused Airhawk to experience a decline in sales.  In February 2017, Airhawk's intellectual property counsel sent a letter to Ontel regarding Ontel's pending trademark application for "AIR HAWK" and highlighted the similarities between the parties' marks.  On March 24, 2017, Ontel's intellectual property counsel responded and identified the differences between the parties' products and trade channels.  Airhawk did not respond to Ontel's March 2017 letter.

On January 11, 2018, Airhawk commenced the instant action alleging trademark infringement of PTO Registration Numbers 4,009,225, 4,009,228, and 4,977,720.  Compl. ¶ 10.  Airhawk further asserts that sales of Defendant's goods utilizing the name "AIR HAWK" constitute a false designation of origin, deceptive trade practices, and unfair competition.  *Id*. ¶ 22.  Airhawk seeks damages and permanent injunctive relief, including "an order requiring Defendants, and each of them, to account for and pay AIRHAWK all illegal profits from their sale and/or distribution of infringing products."  *See* Compl. at 11.

As noted above, the Court previously granted partial summary judgment for Ontel on the issue of Airhawk's request for disgorgement of profits.  Airhawk moves for reconsideration, arguing that (1) good cause exists to grant reconsideration of partial

summary judgment on the issue of disgorgement of profits, *see* Doc. 139-1 at 8-10, and (2) an intervening change in the law requires reconsideration. *See* Doc. No. 143. Ontel contends that the motion is untimely, improper under Rule 60(b), and fails on the merits, even though *Romag* changed the law with respect to willfulness as a required showing for a plaintiff seeking disgorgement of profits under 15 U.S.C. § 1117(a). *See* Doc. Nos. 140 at 1-8; 144 at 1-3.

## DISCUSSION

### 1.  Legal Standard

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend a final judgment, order, or proceeding under Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Additionally, a motion for reconsideration is proper under Civil Local Rule 7.1.i.1. *See* CivLR 7.1.i.

Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" for reasons (1), (2), and (3). Fed. R. Civ. P. 60(c)(1). Under the Local Rules, "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion . . . for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1.i.2.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Ultimately, however, the decision on a motion for reconsideration lies in the Court's sound discretion." *Labastida v. McNeil Techs., Inc.*,

No. 10-CV-1690-MMA (CAB), 2011 WL 767169, at *2 (S.D. Cal. Feb. 25, 2011) (citing *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003)).  Airhawk bases its motion for reconsideration on the catchall provision of Rule 60(b)(6).  *See* Doc. No. 47 at 6.

**2.      Analysis**

Airhawk argues that its motion for reconsideration is timely made, and in any event the Court should reach the merits as any delay was not unreasonable.  *See* Doc. No. 139-1 at 6-8.  Airhawk further argues that the Court granted partial summary judgment for Ontel based on evidence that Ontel has since stipulated it will not rely on "in any way before the Court—including testimony, evidence, argument, and written submissions—to support its 'innocent intent' or 'good faith' affirmative defenses." *See* Doc. No. 139-1 at 8-10 (citing Doc. No. 109 at 2:14-18).  Airhawk also asserts that an intervening change in the law requires reconsideration and reversal of the Court's order granting Ontel partial summary judgment on disgorgement of profits.  *See* Doc. No. 143 at 2-3.  Ontel responds that Airhawk's motion is untimely under the Local Rules and fails on the merits.  *See* Doc. No. 140 at 1-8.  Ontel also argues that while the Supreme Court's *Romag* decision admittedly changed the applicable law, *Romag* nevertheless supports this Court's grant of partial summary judgment on Airhawk's request for disgorgement of profits.  *See* Doc. No. 144 at 1-3.  The Court will address these arguments in turn.

A. <u>Timeliness</u>

As an initial matter, Ontel argues that Airhawk's motion is untimely for failure to comply with Local Rule 7.1.i.2.  *See* Doc. No. 140 at 1-2.  The Court issued its summary judgment order on January 2, 2020.  *See* Doc. No. 130.  Because Airhawk did not file its motion for reconsideration until March 4, 2020, *see* Doc. No. 139, its motion is untimely under Local Rule 7.1.i.2.  *See Brady v. Grendene USA, Inc.*, No. 3:12-CV-0604-GPC-KSC, 2015 WL 3539702, at *3 (S.D. Cal. June 3, 2015) (motion for reconsideration was untimely when filed outside of Local Rule 7.1.i.2's 28-day window).  Airhawk argues that Rule 60's "reasonable time" standard governs, as opposed to Local Rule 7.1.i.2's 28-day window, and in any event, the Court should exercise its discretion to consider the

merits of Airhawk's motion.  *See* Doc. 139-1 at 7-8.

The Court finds that Airhawk did not file its motion for reconsideration within a reasonable time.  As an initial matter, Airhawk could have brought the underlying evidentiary issue to the Court's attention shortly after Ontel filed its August 5, 2019 stipulation "not [to] use its attorney-client communications concerning its trademark search and related documents in any way before the Court . . .."  Doc. No. 109 at 2:14-18.  At that time, Ontel's motion for summary judgment was fully briefed and pending before the Court.  Airhawk could have sought leave to file a supplemental brief objecting to Ontel's reliance on evidence falling under the umbrella of "attorney-client communications" and "related documents."

Moreover, even giving Airhawk the benefit of Rule 60's "reasonable time" standard, Airhawk should have filed its motion in a timely fashion after the Court issued its summary judgment ruling.  Nevertheless, Airhawk waited until March 4, 2020 to file its motion for reconsideration.  According to Airhawk, the reason for the delay is because it interpreted this Court's order to schedule a mandatory settlement conference "to mean the Court did not intend to entertain any further motions by the parties until they first attended the [conference]."  Doc. No. 139-1 at 7.  However, the Court finds it unreasonable to interpret an order to *schedule* a conference as implying that the Court would not entertain a motion for reconsideration within the 28-day window specified in the Local Rules.

Nevertheless, because the parties agree that there has been an intervening change in the relevant underlying law, the Court will exercise its discretion to consider Airhawk's motion on its merits under Rule 60(b).

B. Effect of Ontel's Stipulation

Airhawk argues that the Court granted partial summary judgment to Ontel on the issue of a profit-based remedy "almost exclusively on evidence that has since been rendered subject to an exclusionary order at trial."  Doc. No. 139-1 at 8.  Ontel replies that Airhawk cannot meet the Rule 60(b) standard since the Court's partial summary

judgment order is not a "final judgment", and in any event, its basis for seeking reconsideration is without merit. *See* Doc. No. 140 at 2-8.

By its express terms, Rule 60(b) applies to "final judgment[s], order[s], or proceeding[s] . . .." "Final decisions end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (internal citations and quotations omitted). This Court's order granting partial summary judgment for Ontel is not a final judgment. *See id.* ("An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims."). The Court's order did not dispose of all claims, as Airhawk may proceed in seeking to recover actual damages as a result of the alleged trademark infringement. *See* Doc. No. 130 at 44. Airhawk neglects to address the standard of finality in briefing its motion for reconsideration and thereby implicitly concedes that it cannot meet this standard.

Even assuming *arguendo* that the partial summary judgment order is "final" for purposes of reconsideration under Rule 60(b), Airhawk also fails to show it is entitled to relief from the Court's ruling. Its asserted basis, that this Court granted partial summary judgment "almost exclusively" based on evidence that will now be excluded at trial, is erroneous. The Court granted partial summary judgment because Airhawk "fail[ed] to provide evidence to raise a triable issue of fact as to whether Defendant willfully infringed its mark." Doc. 130 at 41. Contrary to Airhawk's assertion, the evidence that the Court considered in granting partial summary judgment for Ontel has not since been excluded. As Ontel recognizes, the two key pieces of evidence that the Court considered—(1) Ontel's counsel's March 2017 letter to Airhawk's counsel regarding the parties' respective marks and (2) the United States Patent and Trademark Office's acceptance of Ontel's trademark applications—"have nothing to do with the attorney-client communications that were" the subject of Ontel's stipulation. Doc. No. 140 at 7. Rather, the evidence is non-privileged information bearing on Ontel's mental state with respect to its infringement of Airhawk's marks. Furthermore, the Court's key finding

remains true: Airhawk failed to carry its burden of raising a triable issue of fact as to whether Ontel acted with a mental state demonstrating that disgorgement of profits is an appropriate remedy.

In sum, even if the Court's partial summary judgment order is reviewable under Rule 60(b), the Court based its ruling on evidence that is not subject to exclusion at trial under the terms of the August 5, 2019 stipulation.

C. *Romag*

Airhawk next argues that under *Romag*, Ontel is not entitled to summary judgment on Airhawk's claim for disgorgement of profits. *See* Doc. No. 143.  Ontel replies that *Romag* does not affect the Court's ruling, but rather supports a finding that it was "proper and appropriate." Doc. No. 144 at 1-2.

In *Romag*, the Supreme Court held that willfulness was not an "inflexible precondition" for a trademark plaintiff seeking disgorgement of profits from a defendant for a violation of 15 U.S.C. § 1117(a). Slip Op. at 6-7. However, the Court recognized that given the tradition that considering a defendant's mental state is relevant to assigning an appropriate remedy, "a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate." *Id*. at 7.

As discussed above, in reaching its ruling, the Court relied on two key pieces of evidence that were relevant to whether Ontel acted with a culpable mental state in infringing Airhawk's mark. *Romag* recognized that such evidence of Ontel's mental state was a "highly important consideration" for the Court in exercising its discretionary and equitable authority as to whether Airhawk should be awarded disgorgement of Ontel's profits. *Id.* at 7 ("[I]t is a principle long reflected in equity practice where district courts have often considered a defendant's mental state, among other factors, when exercising their discretion in choosing a fitting remedy.") (citations omitted); *see also Retractable Techs., Inc. v. Becton Dickinson & Co.*, 919 F.3d 869, 883 (5th Cir. 2019) ("[D]isgorgement is ultimately an equitable remedy subject to the district court's sound discretion.").

Moreover, the Court's consideration of Ontel's mental state was especially appropriate here because Airhawk sought this profit-based remedy not for compensatory purposes, but as a restitutionary measure of damages. *See* Doc. No. 130 n. 17. The Restatement recognizes that disgorgement of profits is typically appropriate in cases involving "conscious wrongdoers;" in these cases, plaintiffs, like Airhawk here, seek disgorgement of profits not necessarily to be made whole, but to prevent the defendant from retaining gains made possible by its wrongdoing. *See* Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011) ("This profit-based measure of unjust enrichment determines recoveries against conscious wrongdoers and defaulting fiduciaries. Recovery so measured may potentially exceed any loss to the claimant."). "This is not a case, moreover, where the defendant violated the Lanham Act and emerged unscathed," *Retractable Techs.*, 919 F.3d at 884, as Airhawk may proceed against Ontel for a recovery of any actual damages it can prove at trial. *See* Doc. No. 130.

In short, reconsideration is not warranted here. In opposing Ontel's motion for summary judgment, Airhawk failed to make any showing that disgorgement of profits was appropriate in light of Ontel's mental state and the facts surrounding the alleged § 1117(a) violation. Therefore, the Court exercised its sound discretion in granting partial summary judgment on the issue of disgorgement of profits.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Airhawk's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: May 8, 2020

HON. MICHAEL M. ANELLO
United States District Judge